# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michael Reid, et al.,

    Plaintiffs,

v.

I.C. System Incorporated,

    Defendant.

No. CV-12-02661-PHX-ROS

**ORDER**

Before the Court is a motion for an award of costs, including attorneys' fees, by Defendant, I.C. System Inc. (Doc. 53).

## BACKGROUND

In September 2012, Plaintiff David Vacarro filed a class action lawsuit against Defendant in the United States District Court, Southern District of California, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). *See Vacarro v. IC Systems, Inc*. case number 3:12-cv-02371-JAH-NLS. On December 14, 2012, Plaintiff Michael Reid separately filed this action alleging similar violations of TCPA. (Doc. 1).[1] On December 11, 2013, Plaintiff Reid filed a motion to amend his

---

[1] Plaintiffs and Defendant differ in how they characterize the level of similarity between Plaintiff Vaccaro's initial complaint and Plaintiff Reid's initial complaint. In his motion to amend his complaint to add Mr. Vaccaro, Mr. Reid stated Mr. Vaccaro had "alleg[ed] a national class action for the same violations of the TCPA" as had Mr. Reid. (Doc. 38-1 at 2). In the parties' joint status report, filed March 7, 2014, Defendant claims there were different claims in the two cases, one alleging "purely" telemarketing and another "debt collection." (Doc. 46 at 3). In Defendant's present motion for costs, it characterizes Plaintiffs' claims as substantially similar, stating "both Vacarro and Reid alleged

complaint to add Plaintiff Vacarro as a party. (Doc. 38). On May 6, 2014, the Court granted Plaintiff's motion for leave to amend the complaint. (Doc. 48). Plaintiff Vacarro then dismissed his action in the Southern District of California. Defendant now seeks to recover the cost and attorneys' fees it incurred in defending the California suit.

## ANALYSIS

### I. Defendant Will be Granted Costs, But Not Attorneys' Fees

Federal Rule 41(d) provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). The purpose of Rule 41(d) is to deter forum shopping and vexatious litigation, *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996), and to "hold [parties] liable for the costs of needless and duplicative litigation, regardless of [its form]." *EOS GMBH Electro Optical Sys. v. DTM Corp.*, SA CV 00-1230DOCMLGX, 2002 WL 34536678 (C.D. Cal. Mar. 18, 2002) (holding dismissal followed by joinder and filing of a third party complaint fell within Rule 41(d)'s protections). *See also Jurin v. Google, Inc.*, 695 F.Supp.2d 1117, 1123 (E.D. Cal. 2010) (stating purpose of Rule 41(d) is to "protect defendants from the harassment of repeated lawsuits"). District courts maintain "broad discretion" to award costs under Rule 41. *See, e.g.*, *Esquivel,* 913 F. Supp. at 1387. "In analyzing purported violations of Rule 41, the Plaintiff bears the burden to show a 'persuasive explanation' for its course of the litigation, while the Defendant must show only that it 'incurred needless expenditures' as a result of Plaintiff's conduct." *Senah, Inc v. Xi'an Forstar S&T Co, Ltd.*, 13-CV-04254-BLF, 2014 WL 3058292 (N.D. Cal. July 3, 2014) (quoting *Esquivel*, 913 F. Supp. at 1388).

Plaintiffs argue Rule 41(d) is not applicable here because Plaintiff Vaccaro was added to an existing case and "did not initiate subsequent proceedings against Defendant

---

violations of the TCPA. Both sought to certify a nationwide class." (Doc. 53-1 at 4).

after filing his dismissal." (Doc. 58). Plaintiffs also argue Rule 41(d)'s provision for "costs" does not cover attorneys' fees. *Id.* Defendant argues an award of attorneys' fees and costs is proper in accord with the policy of Rule 41(d) and that the only explanation for Plaintiffs' actions is to maneuver for tactical strategy. (Doc. 53-1). Both parties agree the Court's ruling under Rule 41(d) is discretionary and that an award of fees in this case is permissive, not mandatory.

Plaintiffs are opaque in their explanation for why they each filed separately and then decided to join their two suits. But a finding of good or bad faith in such a decision is not necessary. Plaintiff Vaccarro's initial suit led nowhere and caused Defendant to incur needless cost, only to be subject to suit by the same plaintiff in another forum. This scenario is covered under Rule 41(d)'s policy of holding litigants to account for spawning duplicative and vexatious litigation. Furthermore, although Plaintiffs argue Plaintiff Vaccaro did not "initiate subsequent proceedings," the Rule states plaintiffs are liable for subsequently *filing* an "action based on or including the same claim against the same defendant." Fed. R. Civ. P. 41(d). Once Plaintiff Vaccaro joined the suit, the two Plaintiffs jointly filed a new, amended complaint that did just that—included substantially similar claims against the same defendant. (Doc. 38).  Therefore, Plaintiffs' first argument regarding the reach of Rule 41 is not convincing.

Plaintiffs' contention that attorneys' fees are not covered under Rule 41(d)'s provision for "costs," however, does have merit. The Ninth Circuit has not squarely addressed this issue. Although various district courts in the Ninth Circuit have awarded attorneys' fees pursuant to Rule 41(d), they have typically done so in the style of Rule 68, that is only where the underlying statute permits the award of such fees. *See, e.g.*, *EOS GMBH Electro Optical Sys. v. DTM Corp.*, SA CV 00-1230DOCMLGX, 2002 WL 34536678 (C.D. Cal. Mar. 18, 2002). This is the approach the Seventh Circuit has taken in interpreting Rule 41(d). *See Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000) ("Like Rule 68, Rule 41(d) refers to 'costs,' but fails to define the term, and furthermore, neither the rule nor the Advisory Committee Notes address the question of whether

attorneys' fees may be included in an award of costs."). *See also Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 875 (6th Cir. 2000) (holding Rule 41(d) does not allow for award of attorneys' fees because the language does not explicitly allow them and Congress would have been clear if it meant the rule to cover such fees). *Cf. Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) (holding Rule 41(d) permits award of attorneys' fees because Rule 41(a)(2) permits them, both provisions aim to prevent vexatious litigation and forum shopping, and to hold otherwise would create inconsistency). Interpreting "costs" to have the same meaning in Rule 41(d) and Rule 68 is appropriate. The TCPA does not provide for awards of attorneys' fees. Therefore, Defendant is not entitled to an award of attorneys' fees in this case pursuant to Rule 41(d).

Plaintiffs offer no "persuasive explanation" for the course of the litigation and that course resulted in needless expenditures by Defendant. Defendant's motion for costs, but not attorneys' fees, will be granted.

Accordingly,

**IT IS ORDERED** Defendant's motion for costs including attorneys' fees (Doc. 53) is **GRANTED IN PART and DENIED IN PART** as set forth above. Defendant is awarded costs in the amount of $102.84.

Dated this 8th day of October, 2014.

                                                           Honorable Roslyn O. Silver
Senior United States District Judge