# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Michael Reid, et al., | No. CV-12-02661-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. |  |
| I.C. System Incorporated, |  |
| Defendant. |  |

Before the Court is Plaintiff Michael Reid ("Reid")'s second motion for preliminary approval of a class action settlement with Defendant I.C. System Incorporated ("I.C. System"). (Doc. 195). The Court found the prior proposal met the threshold requirements of Rule 23(a) and (b)(3). (Doc. 147 at 6-8). However, the Court found the recovery per class member too small. (Doc. 147 at 9-11). I.C. System attempted to enforce the settlement agreement, but its motion was denied. (Doc. 169). Reid then moved to certify a class for further litigation. (Doc. 175). Before the Court ruled on that motion, the parties stipulated to stay litigation while they performed work in preparation for settlement. (Doc. 188). The parties have requested oral argument on the motion (Docs. 196, 198), but the Court will deny preliminary approval without oral argument because the proposed settlement raises serious concerns under Rule 23.

## ANALYSIS

The proposed settlement agreement differs from the agreement rejected by the

Court in two significant ways. The earlier agreement would have provided a $3,000,000 recovery – less up to $750,000 in attorneys' fees, up to $100,000 in costs, and an incentive payment of up to $5,000 for Mr. Reid – to about 959,473 class members. (Doc. 147). The new agreement increases the total recovery to $3,350,000 – less the same set-asides, including now up to $837,500 in attorneys' fees – while substantially reducing the group of recovery-eligible class members to about 66,619. (Doc. 195-1 at 3, 10-11).[1]

The proposed class definition does not reflect that most of its members will not recover under the settlement. Indeed, it is little changed from the prior definition, despite the Court having noted that definition was ambiguous. The Court "encourage[d] Plaintiff to clarify" whether the definition referred only to those who received calls after I.C. System had coded their number as wrong (those who can recover under the current proposal), or more broadly to all those who received even one call without giving prior consent. (Doc. 147 at 2 n.2). Despite the ambiguity in the class definition, Reid's memorandum clarifies the parties intend the class to encompass the latter, broader group. (Doc. 195-1 at 8).

In other words, the parties intend to certify a class of 982,504 persons, approximately 93% of whom the parties agree has no legal claims after the FCC's safe harbor ruling. Under the parties' proposal, this 93% will release their potential claims against I.C. System and will not recover. (*Id*).

This arrangement raises several serious problems under Rule 23. First, the bifurcated class undermines the Court's prior rulings that Reid's claims were typical of the class, and that common questions of law or fact predominate over other questions. Fed. R. Civ. P. 23(a)(3). Reid's claim is not typical of the vast majority of class members who the parties agree have no claims. The predominance requirement of Rule 23(b)(3) is intended to achieve judicial economy, *see In re Wells Fargo Home Mortgage Overtime*

---

[1] In limiting recovery to a subset of the class, the parties rely upon a recent Federal Communications Commission ("FCC") ruling that interpreted the TCPA to provide a "safe harbor" to "callers who make calls without knowledge of reassignment [of the phone number] and with a reasonable basis to believe that they have valid consent to make the call." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 at *8000 (2015).

*Pay Litig.*, 571 F.3d 953, 958 (9th Cir. 2009), and adjudicating the claims of class members whom the parties agree have no claims is simply not in the interest of judicial economy. Further, the Court is troubled by the basic notion of certifying a class the overwhelming majority of whose members apparently have no legal claims. *Cf. Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006) ("At the same time, no class may be certified that contains members lacking Article III standing.").

Second, for a Rule 23(b)(3) class, the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The parties propose to notify individually only those 66,619 class members identified as eligible to recover. (Doc. 195-1 at 9). They do not argue the other class members cannot reasonably be identified. Nor could they, given they provide a number of exactly how many such persons there are.

Accordingly,

**IT IS ORDERED** Reid's Motion for Preliminary Approval of Amended Class Action Settlement (Doc. 195) is **DENIED**. Reid shall notify the Court no later than April 14, 2016 whether it intends to move for preliminary approval of a class action settlement consistent with this order.

**IT IS FURTHER ORDERED** Reid's Motion for Hearing (Doc. 196) is **DENIED**.

**IT IS FURTHER ORDERED** I.C. System's Motions to Seal (Docs. 160, 183) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** Reid's Motion to Seal (Doc. 170) and Motion to Certify Class (Doc. 175) are **DENIED AS MOOT**.

Dated this 31st day of March, 2016.

Honorable Roslyn O. Silver
Senior United States District Judge