**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq.
ak@kazlg.com
Matthew M. Loker, Esq.
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**LEMBERG LAW LLC**
Trinette G. Kent, Esq.
tkent@lemberglaw.com
10645 North Tatum Blvd., Ste. 200-192
Phoenix, AZ 85028
Telephone: (855) 301-2100
Facsimile: (203) 653-3424

**HYDE & SWIGART**
Joshua B. Swigart, Esq.
josh@westcoastlitigation.com
David McGlothlin, Esq.
david@westcoastlitigation.com
2633 E. Indian Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

**LEMBERG LAW LLC**
Sergei Lemberg, Esq.
slemberg@lemberglaw.com
Stephen Taylor, Esq.
staylor@lemberglaw.com
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

*Attorneys for Plaintiff,*
Michael Reid

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **MICHAEL REID, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**I.C. SYSTEM, INC.**<br><br>Defendant. | **Case No.:** 2:12-cv-2661 ROS<br><br>**AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**HON. ROSLYN O. SILVER** |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...............................................................................1

II. THE SETTLEMENT ..........................................................................2

    A. THE SETTLEMENT CLASS .......................................................2

    B. SETTLEMENT PAYMENT .........................................................3

    C. CLASS NOTICE ......................................................................4

    D. SCOPE OF RELEASE ...............................................................5

    E. OPPORTUNITY TO OPT OUT AND OBJECT ................................5

    F. TERMINATION OF SETTLEMENT ...............................................5

    G. CLASS REPRESENTATIVE'S APPLICATION FOR INCENTIVE AWARD ........5

    H. CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, COSTS AND EXPENSES ......................................................................................6

III. LEGAL ANALYSIS ..........................................................................6

    A. RULE 23(A) REQUIREMENTS ..................................................6

        i. Numerosity .....................................................................6

        ii. Commonality ...................................................................7

        iii. Typicality .......................................................................7

        iv. Adequacy .......................................................................8

    B. RULE 23(B) REQUIREMENTS ..................................................8

        i. Predominance ...................................................................8

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

ii. <u>Superiority</u> .........................................................................9

C. RULE 23(E) REQUIREMENTS ...................................................9

i. <u>Serious, Informed, Non-Collusive Negotiations</u> ...............8

ii. <u>Obvious Deficiency, Preferential Treatment, and Range of Possible Approval</u> ............................................................10

IV.   <u>CONCLUSION</u> .......................................................................13

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

CASES                                                                    PAGE(S)

*Bayat v. Bank of the West*,
    C 13-2376 EMC (N.D. Cal.) .....................................................12

*Bellows v. NCO Fin. Sys.*,
    2008 U.S. Dist. LEXIS 13525 (S.D. Cal. 2008)........................11

*Consolidated Rail Corp. v. Town of Hyde Park*,
    47 F.3d 473 (2d Cir. 1995) .........................................................6

*Ellison v. Steven Madden, Ltd.*,
    11-cv-5935 (C.D. Cal.).............................................................12

*Ferrington v. McAfee, Inc.*,
    2012 WL 1156399 (N.D. Cal. 2012) .......................................10

*Forcellati v. Hyland's Inc.*,
    2014 WL 1410264 (C.D. Cal. 2014) .......................................10

*General Tel. Co. v. Falcon*,
    457 U.S. 147 (1982) ...................................................................8

*Gutierrez v. Barclays Grp.*,
    2011 WL 579238 (S.D. Cal. 2011) ..........................................11

*Harris v. Palm Springs Apline Estates, Inc.*,
    329 F.2d 909 (9th Cir. 1964) ......................................................6

*In re Capital One Telephone Consumer Protection Act Litigation*,
    12 C 10064 MDL No. 2416 (N.D. Ill 2015)............................11

*In re Jiffy Lube Int'l, Inc. Text Spam Litig.*,
    11-md-2261 (S.D. Cal.) ...........................................................11

*Kazemi v. Payless Shoesource, Inc.*,
    09-cv-5142 (N.D. Cal.)............................................................11

*Kramer v. B2Mobile*,
    10-cv-2722 CW (N.D. Cal.) ....................................................11

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Lanza v. Upscale Events by Mosaic, LLC*,
        13-cv-80093 DMM (S.D. Fla.)................................................................11

*Lozano v. Twentieth Century Fox Film Corp.*,
        09-cv-6344 (N.D. Ill.)....................................................................12

*Malta v. Fed. Home Loan Mortg. Corp.*,
        10-cv-1290 BEN (S.D. Cal.) ...........................................................11

*Robles v. Lucky Brand Dungarees, Inc.*,
        10-cv-4846 MMC (N.D. Cal.)..........................................................11

*Rojas v. Career Education Corporation*,
        10-cv-5260 (N.D. Ill.)....................................................................11

*Rose v. Bank of Am. Corp.*,
        2014 U.S. Dist. LEXIS 121651 (N.D. Ill. 2014) ........................12

*Satterfield v. Simon & Schuster, Inc.*,
        06-cv-2893 (N.D. Cal.)...................................................................12

*Steinfield v. Discover Financial Services*,
        12-cv-1118 JSW (N.D. Cal.) ..........................................................11

*True v. Am Honda Motor Co.*,
        749 F. Supp. 1052 (C.D. Cal. 2010) .............................................7

*Weinstein v. AIRIT2ME*,
        06-cv-484 (N.D. Ill.).....................................................................12

*Weinstein v. The Timberland Co., et al.*,
        457 U.S. 147 (1982) .......................................................................8

*Wilkins, et al. v. HSBC Bank Nevada, N.A.*,
        14 C 190 (N.D. Ill.) ......................................................................11

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## I. INTRODUCTION

Plaintiff MICHAEL REID ("Reid") and Defendant IC SYSTEM, INC. ("ICS") hereby seek Preliminary Approval of the proposed Class Action Settlement discussed herein. With the assistance of the Magistrate Judge Deborah M. Fine, the Parties believe that the current settlement addresses each one of this Court's previous concerns and continues to be in the best interest of the Class. For the purposes of clarity, Class Counsel draws special attention to the provisions that Judge Fine improved upon during the full-day mediation that took place on June 20, 2016.

As this Court is aware, methodical motion practice and multiple discovery disputes initially led the Parties to attempt a class settlement on June 30, 2015. [ECF No. 145]. Following review of Plaintiff's Preliminary Approval Motion, the Court determined that certain aspects of the proposed Class Settlement required additional attention. [ECF No. 147]. After the Parties were unable to reach a further agreement, Reid moved for Class Certification on September 3, 2015. [ECF No. 175]. Once the Motion was fully briefed by both sides, the Parties revisited settlement discussions yet again with Michael Young of Judicate West. Thereafter, the Parties moved for Preliminary Approval a second time. [ECF No. 195]. After this Motion was denied (ECF No. 200), the Parties returned to mediation with Magistrate Judge Deborah M. Fine on June 20, 2016. The Parties believe that the current settlement addresses each of this Court's concerns previously addressed in this Action. Pursuant to the terms of the Settlement Agreement attached as Exhibit 1 to the Declaration of Abbas Kazerounian (the "Settlement Agreement"), the Parties request this Court:

1. Certify a class for settlement purposes only;
2. Appoint the attorneys of record for the Kazerouni Law Group, APC; Hyde & Swigart; and, Lemberg Law LLC as Class Counsel;

3. Appoint Reid as the Class Representative;

4. Approve the proposed plan of providing Notice to the Class; and,

5. Approve the proposed preliminary schedule for providing notice to the class and for class members to submit requests for exclusion or objections to the proposed settlement.

In the event that settlement is not approved, the Parties agree that any agreement and order certifying a settlement class shall be null and void and the Parties shall return to their respective positions at the time this Motion was submitted to the Court for approval. Moreover, the Parties also agree that ICS will not be bound by any of the representations or arguments set forth in any of the settlement related documents submitted in this Action.

## II.   THE SETTLEMENT

While many of the substantive provisions of the settlement are the same, the Parties paid special attention to the issues addressed in the Court's previous Order Denying Preliminary Approval. [ECF No. 147]. In the interest of thoroughness, the Parties address each aspect of Preliminary Approval herein.

### A. THE SETTLEMENT CLASS

**During the mediation with Judge Fine**, the Parties amended the Class definition as follows:

> All persons within the Class Period who were called on a cellular telephone by I.C. System, using an Automatic Telephone Dialing System, with or without a prerecorded or artificial voice message, whose cellular telephone number was associated with a cellular telephone number in I.C. System's business records coded as a wrong number telephone call, regardless if there was a call before or after the wrong number code was entered in I.C. System's business records.

[*See* ¶ 2.08 of the Parties' Settlement Agreement]. As discussed below, **the class definition is intended to encompass the broadest group of consumers,**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

estimated to be 1.03 million. **The reason the settlement class is larger does not reflect continued violation of the TCPA.  Rather, it is a function of the broad settlement class. Each of these consumers will receive a portion of the Settlement Fund and will benefit from ICS' changed policies** [*Id*. at ¶¶ 2.09; and, 5.02].

### B.   SETTLEMENT PAYMENT

ICS agrees to establish a Settlement Fund in the amount of Three Million Three Hundred and Fifty Thousand Dollars and Zero Cents ($3,350,000.00), comprised of cash payments, notice and settlement administration costs, attorneys' fees, litigation costs, expenses, and Representative Plaintiff's incentive award. [Settlement Agreement, ¶ 2.20].  This number represents the maximum amount payable by ICS in Settlement of this Action.  [*Id*.].

**Tiered Settlement Payments:** Judge Fine's guidance supported that the Parties reach a tiered settlement that provides compensation to all individuals that fall within the Class.  Given the FCC's July 2015 Ruling, it is evident that certain individuals within this broader group have stronger claims than others.[1]  The tiered settlement is intended to compensate the individuals with stronger claims more than those with weaker claims.

**Double Pro Rata Distribution:** ICS has identified approximately 66,619 class members where the recipient received at least one additional call after being coded as a wrong number ("Coded Calls").  [*Id*. at ¶ 2.09].  In addition to these Coded Calls, Class Counsel believes that certain individuals will have informed ICS that said individual received a subsequent telephonic communication after informing ICS that ICS had called the wrong number and without having the account coded.  [*Id*.].  Such individuals' may also receive double compensation by

---

[1] *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, at *8000 (2015) (said ruling provided a "safe harbor" to "callers who make calls without knowledge of reassignment [of the phone number] and with a reasonable basis to believe that they have valid consent to make the call.").

merely checking a box on the claim form affirming that a call from ICS was received after permission was revoked. [*Id.*].

Any person identified as belonging in the 66,619 Coded Calls list will automatically be entitled to a double pro rata share. [*Id.* at ¶ 5.03]. In addition, all consumers not identified with the Coded Calls list that affirm receipt of at least one call from ICS following revocation will also receive a double pro rata share of the Settlement Fund. [*Id.*].

**Single Pro Rata Distribution:** A consumer within the broader group that is neither a Coded Call nor can affirm the receipt of a call after informing ICS that ICS reached the wrong number will still receive a pro rata distribution. These individuals will receive a single pro rata distribution since said individuals lack a readily verifiable TCPA violation. [*Id.* at ¶ 5.02].

As before, whether a particular class number receives cash payment or not, all class members receive the benefit of ICS' changed business practices. As discussed in ICS' Declaration previously lodged with this Court, ICS reviewed ICS' policies and procedures in an effort to further ensure compliance with the TCPA and attempt to avoid violations such as those that occurred herein.

### C. CLASS NOTICE

**To maximize the possible recovery for the class members, the Parties now propose utilizing the services of Dahl Administration (the "Claims Administrator").** The Claims Administrator's responsibilities will include, but are not limited to, providing notice to the class members, fielding inquiries related to the settlement, administering the claims process and issuing the settlement payments. [*Id.* at ¶ 8.01]. In addition, the Claims Administrator has handled these responsibilities in more than 500 class actions over a period of 22 years. [Declaration of Jeffrey Dahl ("Dahl Decl."), ¶ 2].

Given the extent of notice required, the Claims Administrator will facilitate

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Digital Notice Banner Advertisements to be published online and available nationwide. [Settlement Agreement, ¶ 9.01]. Current data shows that individuals now spend far more time seeking and consuming information on the Internet than from print sources. [Dahl Decl., ¶ 6]. In terms of media consumption, 66.7% of consumers show moderate to high Internet usage; 86% use search engines frequently; and, 63% are active Facebook users. [*Id*. at ¶ 16]. With this in mind, the Claims Administrator is able to provide online notice through (i) paid banner ads on targeted websites; (ii) "keyword" searches that display banner ads; and, (iii) social media ads. The claims administrator estimates that this type of notice should reach 70% of the projected target audience at 2.0 frequency. Typical mail notice, on the other hand, only provides consumers notice on one occasion and obtaining accurate addresses for the wrong number individuals that comprise this settlement is nearly impossible.

Moreover, to ensure the best practicable notice, the Claims Administrator will also build a settlement website; and create a toll-free number for potential class members to call. [*Id*. at ¶¶ 9.01-9.08]. With regard to the settlement website, the Parties propose www.ReidTCPASettlement.com as the URL. In this case, the Parties believe that this method of notice is the best practicable notice because it ensures that those identified as having actionable claims are directly informed of this proposed class action settlement.

### D. SCOPE OF RELEASE

This section remains unchanged since the Parties believe that this Court did not raise concerns regarding the scope of the release.

The Parties desire and seek Court approval of the settlement and a final judgment and order dismissing with prejudice the claims of Reid and the Class Members as set forth in this Settlement Agreement. The scope of the release by all Class Members (other than those who properly exclude themselves from the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Settlement) covers any and all actions, causes of action, obligations, costs, expenses, damages, losses, claims, liabilities, and demands, of whatever character, known or unknown, arising out of, relating to, or in connection with, the Complaint, the claims asserted in Action, the Released Parties' telephone calling practices, and the administration of this settlement. [*See* Settlement Agreement at ¶¶ 16.01-16.03]. The release covers known and unknown claims as related to Reid's cause of action in the Complaint, including a waiver of California Civil Code Section 1542. [*Id*. at 16.01(B)].

### E. OPPORTUNITY TO OPT OUT AND OBJECT

This section remains unchanged since the Parties believe that this Court did not raise concerns regarding an individual's ability to opt out and object.

Under the terms of the proposed Settlement, Class members will have the right to opt out of the Settlement or object to its terms. [*See* Settlement Agreement, ¶ 12.01]. The deadline for doing so is within 10 days of the Claims Period. [*Id*. at ¶¶ 2.23-2.24]. Class members will be informed of these rights via publication notice; a settlement website; and a toll-free telephone number. [*Id*. at ¶ 12.01]. The Parties believe that this manner of notice is the best practicable form of notice and provides the Class with sufficient information to make an informed decision regarding membership in the proposed settlement.

### F. TERMINATION OF SETTLEMENT

This section remains unchanged since the Parties believe that this Court did not raise concerns regarding the termination of this settlement.

ICS may elect to terminate this Agreement if exclusion requests as provided for in the Preliminary Approval Order exceed 100. [Settlement Agreement, ¶¶ 13.01; and, 17.02]. In the event that the settlement is terminated pursuant to this Section, the Parties will be returned to the status quo ante as if no settlement had been negotiated or entered into. [*Id*. ¶ 17.03].

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### G.  CLASS REPRESENTATIVE'S APPLICATION FOR INCENTIVE AWARD

This section remains unchanged since the Parties believe that this Court did not raise concerns regarding Plaintiff's application for an incentive award.

Reid will apply to the Court for an incentive award of *up to* $5,000.00 for Reid's service as Class Representative in this action.  [*See* Settlement Agreement, ¶ 6.02].  Any incentive award approved by the Court will be paid by the Claims Administrator out of the Settlement Fund established by ICS before payments to other class members are made.  [*Id.*].

### H.  CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, COSTS AND EXPENSES

**As in the First Motion for Preliminary Approval,** Class Counsel shall move the Court for an award of attorney's fees not to exceed $750,500, which is the Ninth Circuit benchmark of 25% of the initial Settlement Fund, as well as costs not to exceed $100,000.  [*See* Settlement Agreement, ¶ 6.01].  Any award of fees and costs approved by the Court shall be paid from the Settlement Fund.  [*Id.*].  ICS shall not object to Class Counsel's Motion for Fees so long as the total amounts requested by Class Counsel do not exceed $750,000 in attorneys' fees and $100,000 for litigation costs.  [*Id.*].  Court approval of Class Counsel's requested attorney's fees and costs is not a condition of the settlement.  [*Id.*].  Notice costs will also be paid from the Settlement Fund.  [*Id.* at ¶ 2.31].

## III.  <u>LEGAL ANALYSIS</u>

This section remains unchanged since the Parties believe that this Court did not raise concerns regarding the analysis of Federal Rules of Civil Procedure 23(a) and/or 23(b).

In the interest of judicial economy, the Parties incorporate the detailed discussion regarding the analysis of a class settlement as if fully stated herein.  As discussed therein, Fed. R. Civ. P. 23(a) requires that said class settlement satisfy the requirements of both (A) Federal Rule of Civil Procedure 23(a); and, (B)

Federal Rule of Civil Procedure 23(b).   Thereafter, the Parties' Class Settlement must also satisfy the requirements of Fed. R. Civ. P. 23(b).

### A. RULE 23(A) REQUIREMENTS

First, Federal Rule of Civil Procedure requires the Parties' Class Settlement satisfy (i) numerosity; (ii) commonality; (iii) typicality; and, (iv) adequacy.

### i.    Numerosity

Rule 23(a)(1) requires the proposed class be "so numerous that joinder of all members is impracticable."   Fed. R. Civ. P. 23(a).    As this Court previously explained, there is no specific number that satisfies numerosity.   [Preliminary Approval Order, 3:13-14].   However, Courts will generally find that numerosity is satisfied if there are 40 or more members in the class.   *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964); and, *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).

Here, there are 982,504 class members in the Parties' revised Class.   As in *True v. Am. Honda Motor Co.*, 749 F. Supp. 1052, 1063 (C.D. Cal. 2010) such a number means there is no dispute that numerosity has been met in this case.   [Preliminary Approval Order, 3:16-18].    Thus, the Parties' Amended Class Settlement satisfies numerosity.

### ii.    Commonality

Rule 23(a)(2) requires the presence of common question of law or fact.   [*Id.* at 3:22-23].   Like before, said common questions are:

1. whether ICS initiated a telephonic communication to the class member's cellular telephones with an automatic telephone dialing system and/or prerecorded voice;

2. whether ICS can meet its burden of showing it obtained prior express consent;

3. whether ICS' conduct was knowing and/or willful;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

4. whether the Class Members' account(s) were coded as a wrong number telephone call;

5. whether ICS initiated a telephonic communication to the putative class members' cellular telephones with an automatic telephone dialing system and/or prerecorded voice; and,

6. whether a private right of action exists, jurisdiction is proper and statutory damages are available.

Since these common questions continue, the Parties' Amended Class Settlement continues to meet commonality.

### iii.    Typicality

Pursuant to Rule 23(a)(3), "the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class.  Fed. R. Civ. P. 23(a)(3). As this Court previously explained, the "named plaintiffs must be members of the class they seek to represent and the must 'possess the same interest and suffer the same injury' as the putative class members." [Preliminary Approval Order, 5:1-3 citing to *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)].

Like before, Reid's claims arise from the same factual basis of the putative class members.  [Preliminary Approval Order, 5:4-5].  Specifically, Reid, like the putative class members, alleges that ICS violated the TCPA by contacting consumers while utilizing an ATDS without said consumers' prior express consent despite the telephone numbers being coded as a wrong number.  [*Id*. at 5-9].  Thus, Plaintiff's revised Class Settlement satisfies typicality.

### iv.    Adequacy

Rule 23(a)(4) requires the "representative parties will fairly and adequately protect the interests of the class."   For the reasons discussed in Plaintiff's Preliminary Approval Motion, as well as the detailed declarations of counsel submitted in support of Plaintiff's Motion for Class Certification, the Parties'

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Amended Class Settlement satisfies adequacy.  Moreover, Class Counsel have also lodged supplemental Declarations detailing the work that has been completed since the filing of Plaintiff's Motion for Class Certification.

Thus, the Parties' revised Class Settlement also satisfies the threshold requirements of numerosity, commonality, and adequacy of representation under Rule 23(a).

## B. RULE 23(B) REQUIREMENTS

Second, the proposed class settlement must also "meet one of the three threshold requirements under Rule 23(b)." [Preliminary Approval Order, 6:4-5]. As discussed below, the Parties' Amended Class Settlement satisfies both (i) predominance; and, (ii) superiority.

### i.   Predominance

Unlike commonality, predominance "focuses on the relationship between the common and individual issues." [*Id*. at 6:16-17]. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis. [*Id*. at 17-19].  Since the Class is still substantially the same as before, the common questions of law and fact are established by the conduct at issue herein.  Namely, ICS' practice of using dialing equipment to contact the class members without the requisite consent. Thus, common questions continue to predominate.

### ii.   Superiority

Fed. R. Civ. P. 23(b)(3) requires resolution of the case on a class basis to be "superior to other available methods for the fair and efficient adjudication of the controversy."  Since July 9, 2015, the date this Court issued the Preliminary Approval Order, nothing has changed that would affect the superiority analysis. To date, as was the case approximately five months ago, it is still neither

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

economically feasible nor judicially efficient for the class members to separately pursue their nearly identical claims.  [Preliminary Approval Order, 7:12-14].  Thus, a class action is still the superior form to resolve these claims.

### C. RULE 23(E) REQUIREMENTS

Next, a Court must evaluate the proposed settlement for fundamental fairness, adequacy and reasonableness prior to approving a proposed class settlement.  Fed. R. Civ. P. 23(e)(2).

### i.    Serious, Informed, Non-Collusive Negotiations

As before, the proposed Class Settlement is still the product of serious, informed and non-collusive negotiations.   Since the date of the Preliminary Approval Order, the Parties have engaged in settlement discussions both amongst counsel and parties and also with the assistance of Mr. Young.   Even after the Parties had fully briefed Plaintiff's Motion for Class Certification, the Parties weighed the associated risks with proceeding with said Motion and returned to mediation.  Given the ongoing discussions and contentious litigation, the proposed Settlement should be deemed to be the product of serious, informed, non-collusive negotiations.  [Preliminary Approval Order, 8:12-15].

### ii.    Obvious Deficiency, Preferential Treatment, and Range of Possible Approval

**In addition to changing the proposed notice plan, the Parties also worked extensively with Judge Fine to ensure that each class member received sufficient compensation as a result of this proposed Settlement.**

Here, there are approximately 1.3 million total class members who are eligible to receive a *pro rata* distribution of the $3,350,000.00 Settlement Fund (the "Broad Group").   Of this broader group, ICS' records establish that a subset of 66,619 consumers received at least one call from ICS after being coded in ICS' system as a wrong number (the "Narrow Group.   In class counsel's experience only approximately 3% of the eligible class members will submit valid claims during

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

the settlement process.  *See Forcellati v. Hyland's Inc.*, 2014 WL 1410264, at *6 (C.D. Cal. Apr. 9, 2014) ("[T]he prevailing rule of thumb with respect to consumer class actions is [a claims rate of] 3-5 percent."); and, *Ferrington v. McAfee, Inc.*, 2012 WL 1156399, at *4 (N.D. Cal. Apr. 6, 2012) (same). [*See also* Declaration of Lisa Mullins, President of ILYM Group, Inc., ¶¶ 3-4, ECF No. 195-10].  Based upon a 3% response-rate, Class Counsel anticipates that each class member in the Broad Group will receive $76.09 while each member in the Narrow Group will receive $152.18.[2]

Pursuant to the table below, these numbers are all consistent with class settlements in the context of the TCPA and the range deemed acceptable by many District Courts.

| CASE NAME | AMOUNT PER CLAIMANT |
|---|---|
| *Rose v. Bank of Am. Corp.*, 2014 U.S. Dist. LEXIS 121641 (N.D. Ill. 2014) | $20.00 |
| *In re Jiffy Lube Int'l, Inc. Text Spam Litig.*, 11-md-2261 (S.D. Cal.) | $15.00; or, $20.00 voucher |
| *Kazemi v. Payless Shoesource, Inc.*, 09-cv-5142 (N.D. Cal.) | $25.00 voucher |
| *In re Capital One Telephone Consumer Protection Act Litigation*, 12 C 10064 MDL No. 2416 (N.D. Ill. 2015) | $34.60 |
| *Steinfeld v. Discover Financial Services*, 12-cv-1118 JSW (N.D. Cal.) | $52.00 |
| *Bellows v. NCO Fin. Sys.*, 2008 U.S. Dist. LEXIS 13525 (S.D. Cal. 2008) | $70.00 |

---

[2] At 2%, Class Members in the Broad Group would receive $114.15 with Class Members in the Narrow Group receiving $228.29.  In addition, Class Members would receive $228.29 and $456.58 respectively at a 1% claims rate.

| | |
|---|---|
| *Malta v. Fed. Home Loan Mortg. Corp.*, 10-cv-1290 BEN (S.D. Cal.) | $84.82 |
| *Wilkins, et al. v. HSBC Bank Nevada, N.A.*, 14 C 190 (N.D. Ill.) | $93.22 |
| *Gutierrez v. Barclays Grp.*, 10-cv-1012 (S.D. Cal.) | $100.00 |
| *Robles v. Lucky Brand Dungarees, Inc.*, 10-cv-4846-MMC (N.D. Cal.) | $100.00 |
| *Kramer v. B2Mobile*, 10-cv-2722 CW (N.D. Cal.) | $100.00 |
| *Lanza v. Upscale Events by Mosaic, LLC*, 13-cv-80093 DMM (S.D. Fla.) | $150.00 |
| *Ellison v. Steven Madden, Ltd.*, 11-cv-5935 (C.D. Cal.) | $150.00 |
| *Weinstein v. AIRIT2ME*, 06-cv-484 (N.D. Ill.) | $150.00 |
| *Bayat v. Bank of the West*, C 13-2376 EMC (N.D. Cal.) | $151.00 |
| *Weinstein v. The Timberland Co., et al.*, 06-cv-454 (N.D. Ill.) | $150.00 |
| *Satterfield v. Simon & Schuster, Inc.*, 06-cv-2893 (N.D. Cal.) | $175.00 |
| *Rojas v. Career Education Corporation*, 10-cv-5260 (N.D. Ill.) | $200.00 |
| *Lozano v. Twentieth Century Fox Film Corp.*, 09-cv-6344 (N.D. Ill.) | $200.00 |

Thus, Class Counsel asserts that this settlement adequately compensates the class members for their injuries.

### IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Parties respectfully request that the Court grant preliminary approval of the proposed settlement and enter the Proposed Order filed concurrently with this Motion; appoint Reid as class representative; appoint the Kazerouni Law Group, APC, Hyde & Swigart and Lemberg Law LLC as class counsel; appoint Dahl as the claims administrator; and, approve the schedule outlined above.

Dated: August 29, 2016                          KAZEROUNI LAW GROUP, APC

                                                By: ___/s/ Abbas Kazerounian___
                                                ABBAS KAZEROUNIAN, ESQ.
                                                ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626