| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC** | **LEMBERG LAW LLC** |
| Abbas Kazerounian, Esq. | Trinette G. Kent, Esq. |
| ak@kazlg.com | tkent@lemberglaw.com |
| Matthew M. Loker, Esq. | 10645 North Tatum Blvd., Ste. 200-192 |
| ml@kazlg.com | Phoenix, AZ 85028 |
| 245 Fischer Avenue, Unit D1 | Telephone: (855) 301-2100 |
| Costa Mesa, CA 92626 | Facsimile: (203) 653-3424 |
| Telephone: (800) 400-6808 | |
| Facsimile: (800) 520-5523 | |
| | |
| **HYDE & SWIGART** | **LEMBERG LAW LLC** |
| Joshua B. Swigart, Esq. | Sergei Lemberg, Esq. |
| josh@westcoastlitigation.com | slemberg@lemberglaw.com |
| David McGlothlin, Esq. | Stephen Taylor, Esq. |
| david@westcoastlitigation.com | staylor@lemberglaw.com |
| 2633 E. Indian Road, Suite 460 | 1100 Summer Street |
| Phoenix, AZ 85016 | Stamford, CT 06905 |
| Telephone: (602) 265-3332 | Telephone: (203) 653-2250 |
| Facsimile: (602) 230-4482 | Facsimile: (203) 653-3424 |

*Attorneys for Plaintiff,*
Michael Reid

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **MICHAEL REID, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**I.C. SYSTEM, INC.**<br><br>Defendant. | **Case No.:** 2:12-cv-2661 ROS<br><br>**DECLARATION OF ABBAS KAZEROUNIAN, ESQ. IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**HON. ROSLYN O. SILVER** |

///

///

# DECLARATION OF ABBAS KAZEROUNIAN, ESQ.

I, ABBAS KAZEROUNIAN, declare:

1. I am one of the attorneys for the Plaintiff MICHAEL REID ("Reid") in this action. I submit this declaration in support of the Amended Motion for Preliminary Approval of the Class Action Settlement in the action against Defendant I.C. SYSTEM, INC. ("ICS"). I am licensed to practice law before this court *pro hac vice*; the State of California; the State of Texas; the State of Washington; the State of Illinois; the State of Michigan and the District of Columbia. If called as a witness, I would competently testify to the matters herein from personal knowledge.

2. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

## CASE HISTORY

3. There is pending in the United Stated District Court for the District of Arizona, a civil action entitled, *Michael Reid, Individually and on Behalf of All Others Similarly Situated v. IC Systems, Inc.*, Case No.: 2:12-cv-2661 ROS ("Reid Action").

4. The extensive case history was documented in the Declaration of Matthew M. Loker lodged in support of Plaintiff's Motion for Class Certification on September 3, 2015. [*See* ECF No. 175-1, ¶¶ 4-53].

5. Since the filing of Mr. Loker's Declaration, Class Counsel first engaged in continued settlement discussions with Mr. Young.

6. Following these discussions, the Parties filed a Second Motion for Preliminary Approval on January 19, 2016. [ECF No. 195].

7. This Court denied said Motion on Mach 31, 2016. [ECF No. 200]

8. After this denial, the Parties proceeded to another mediation before the Honorable Deborah M. Fine on June 20, 2016. [ECF No. 210].

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**DECLARATION OF ABBAS KAZEROUNIAN, ESQ. IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**   PAGE 1 OF 7

9. With the assistance of Judge Fine, the Parties believe that this third Motion for Preliminary Approval now addresses each of this Court's previous concerns with the terms of the Parties' Class Settlement.

## THE PROPOSED SETTLEMENT

10. After extensive discussions facilitated by Judge Fine, the Parties fine-tuned the Parties' proposed Class Settlement. As discussed herein, as well as the Amended Motion for Preliminary Approval, the Parties believe that this proposed Settlement is in the best interest of the class since said settlement provides significantly more compensation to a more narrow class of consumers.

11. The Parties have engaged in thorough litigation followed by settlement discussions and negotiations regarding the Reid Action. Through this process and Parties' representations to each other, the Parties believe that they are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risk to each party of pursuing further litigation in this matter.

12. As part of the Settlement Agreement, ICS agreed to the following:

    a. Defendant will pay a non-reversionary "all in" cash sum in the total amount of $3,350,000.00.

    b. Class Members who submit a valid claim form will receive a pro rata share of the Settlement Fund, after the costs of claims administration, notice, attorneys' fees and costs, and the incentive payment to the named plaintiff are deducted from the Settlement Fund.

    c. However, those Class Members that received an additional telephonic communication after informing Defendant that Defendant had reached the wrong number will receive a double pro rata distribution.

    d. The Claims Administrator shall pay from the Settlement Fund the maximum total of $5,000.00 to Reid payable through Class Counsel as an Incentive Payment for bringing and participating in this action.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

e. The Claims Administrator shall pay from the Settlement Fund to Class Counsel the maximum sum of $750,000 as attorneys' fees and $100,000 in litigation costs incurred in litigating this action, in the manner specified in the Settlement Agreement. As stated in the Settlement Agreement and Release, the amount of attorneys' fees and costs received by Reid's counsel is to be determined by this Court following a Motion by Reid's counsel.

13. I contend that this class as defined satisfies the requirements of Rule 23 because all members of the Class received telephonic communications from ICS on the Class Members cellular telephone which was initiated by an automatic telephone dialing system and/or with an artificial or prerecorded voice and said numbers were coded by ICS as wrong numbers.

## CLASS DEFINITION

14. The Settlement Class is defined as follows:

> All persons within the Class Period who were called on a cellular telephone by I.C. System, using an Automatic Telephone Dialing System, with or without a prerecorded or artificial voice message, whose cellular telephone number was associated with a cellular telephone number in I.C. System's business records coded as a wrong number telephone call, regardless if there was a call before or after the wrong number code was entered in I.C. System's business records.

15. This matter should be certified as a Class action to assist in the expeditious litigation of this matter. However, Settlement will be terminable at the option of the Parties (a) if the valid opt outs number more than 100 members of the Class; (b) in the event the Court refuses to approve the Agreement because it involves a claim form; (c) in the event the Court fails to enter the orders contemplated by the Settlement Agreement, or does so in a form substantially different from the forms contemplated by the Agreement; or (d) as otherwise provided in this Agreement. The Agreement also shall be terminable upon the mutual agreement of Reid, Class Counsel and ICS.

DECLARATION OF ABBAS KAZEROUNIAN, ESQ. IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT                PAGE 3 OF 7

16. In order to receive a monetary payment from the Settlement Fund, a Class Member must be a member of Class – those persons who received the telephonic communications as complained of in the operative pleading. Class Members will receive notice of this class action via online and publication notice. Thereafter, class members may obtain further information regarding the Class Settlement by contacting the claims administrator telephonically or visiting the settlement website created by the Class Administrator, Dahl Administration LLC ("Dahl").

17. After the Court enters an order granting the Parties' Joint Motion for Preliminary Approval of Settlement, Dahl will initiate the notice process. Dahl specializes in providing administrative services in class action litigation, and has extensive experience in administering consumer protection and privacy class action settlements.

18. The Parties sought Dahl's assistance in an effort to provide more direct and economical notice which will maximize the total recovery by each Class Member.

19. Dahl's experience is thoroughly detailed in the Declarations filed concurrently herewith.

## ADEQUACY OF SETTLEMENT

20. In accordance with the Settlement Agreement, the substantial relief provided to the class members by ICS is $3,350,000.00.

21. The proposed Settlement contemplates that Reid will request an incentive award of up to $5,000, subject to Court approval. ICS has agreed not to oppose a request for such incentive award in the agreed-upon amount.

///
///
///
///

**DECLARATION OF ABBAS KAZEROUNIAN, ESQ. IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**  PAGE 4 OF 7

22. The proposed Settlement contemplates that Class Counsel shall be entitled to apply to the Court for an award of attorneys' fees and costs to be paid from the Settlement Fund. ICS has agreed not to oppose an application by Class Counsel for an award of attorneys' fees up to $750,000 as well as litigation costs not to exceed $100,000.

23. Class Members will receive notice via online and publication notice. In addition, Dahl will also ensure that the applicable information is available to consumer through a settlement website and a toll-free telephone number. Such notice is sufficient to permit the Settlement Administrator to provide an opinion about the notice plan to support a court finding that the plan is consistent with industry standards, and with facts demonstrating that the notice plan is sufficient to meet due process and Rule 23(c)(1)(2)(B).

24. To file a claim, the Class member need only file a claim online, or by a toll-free telephone number. All that is required to file a claim is that the Settlement Class Member provide his or her name, a Claim Identification number assigned to each postcard notice, if available, and a current address to which the settlement check can be mailed, if the address of record is incorrect.

25. Taking into account the burdens, uncertainty and risks inherent in this litigation, Reid's counsel have concluded that further prosecution of this action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

26. Reid and Reid's counsel believe that the claims asserted in the Action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation including the risks in class certification, and any subsequent appeal, they believe that it is desirable that the Action be fully and finally compromised, settled and terminated now

with prejudice, and forever barred pursuant to the terms and conditions set forth in the Settlement Agreement. We have concluded that with the Settlement Fund and with the deterrent effects of the Settlement, we believe the terms and conditions of the Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

27. A settlement was finalized, agreed upon by all Parties and counsel and a formal Settlement Agreement was executed. This unopposed submission for Preliminary Approval and Class Certification followed.

28. The Class will provide a global release to the Released Parties as outlined in the Settlement Agreement.

### CLASS COUNSEL'S EXPERIENCE

29. Kazerouni Law Group, APC, Hyde & Swigart and Lemberg Law LLC seek to be confirmed as class counsel for purposes of this action and proceeding with the settlement. Supporting Declarations from Matthew M. Loker, David McGlothlin; Joshua B. Swigart; Sergei Lemberg; and, Stephen Taylor detailing their respective experience as class counsel have previously been filed with this Court in support of Plaintiff's Motion for Class Certification. [*See* ECF No. 175].

30. My supporting Declaration was previously filed with this Court on January 19, 2016. [ECF No. 195].

31. I incorporate said Declarations by reference herein.

///
///
///
///
///
///

**DECLARATION OF ABBAS KAZEROUNIAN, ESQ. IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**     PAGE 6 OF 7

32. Attached hereto as Exhibit 1 is the Amended Settlement Agreement and Release.

I declare under penalty of perjury under the laws of the United States and of the State of Arizona that the foregoing is true and correct, and that this declaration was executed on August 29, 2016.

By: /s/ Abbas Kazerounian
Abbas Kazerounian, Esq.

**DECLARATION OF ABBAS KAZEROUNIAN, ESQ. IN SUPPORT OF AMENDED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** PAGE 7 OF 7