# Plaintiff's Exhibit 1

## Settlement Agreement

---

*In The Case Of*

**Michael Reid, Individually and on Behalf of All Others Similarly Situated,**

*v.*

**I.C. System, Inc.,**

**2:12-cv-2661 ROS**

**KAZEROUNI LAW GROUP, APC**
**245 FISCHER AVENUE, UNIT D1, COSTA MESA, CA 92626**
**(800) 400-6808**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is effective as of the date of the Effective Date[1] and is entered into by Plaintiff Michael Reid ("Plaintiff"), individually and on behalf of the Settlement Class members, and by I.C. System Inc., ("Defendant" or "I.C. System").  Plaintiff and Defendant are referred to collectively in this Agreement as the "Parties."

## RECITALS

1.01.   On December 14, 2012, Plaintiff filed a Complaint in the United States District Court for the District of Arizona (the "Court") entitled *Michael Reid, individually and on behalf of all others similarly situated vs. I.C. System Inc.,* Case No. 12 CV 2661 ROS (the "Action"). The Complaint in the Action alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by using an Automatic Telephone Dialing System, as defined by 47 U.S.C. § 227(a) ("ATDS"), or an "autodialer" as that term is defined by 47 C.F.R. § 16.1200(b)(2), or an artificial or prerecorded voice to call cell phones used or subscribed to by Reid and the putative class members.

1.02.   I.C. System denies all allegations of the various Complaints in the Action.  I.C. System specifically disputes that it has an ATDS or that it called Plaintiff or putative class members without their consent, that it called Plaintiff or putative class members using an artificial or prerecorded voice, or that it violated the TCPA, or that Plaintiff and putative class members are entitled to any relief from I.C. System.  I.C. System further contends that the Action is not amenable to class certification as set forth by Plaintiff in his Motion for Class Certification, and as opposed by I.C. System.  In the interests of avoiding continued litigation, the Parties have agreed to settle this litigation on a class-wide basis on the terms set forth in this Agreement, subject to Court approval.

1.03.   This Agreement is the result of arms' length settlement negotiations taking place over three all-day mediation sessions, several intervening and follow up communications and conferences between the parties and following the recommendation of the mediator Michael Young, and a Settlement Conference before Magistrate Judge Deborah M. Fine. Prior to the

---

[1] All capitalized terms not immediately defined shall have the meaning assigned in the Definitions section of this Agreement.

mediations, I.C. System provided Plaintiff with extensive information concerning the claims, including voluminous data regarding policies and practices utilized by I.C. System pertinent to Plaintiff assessing the viability of the class claims.   The Parties also participated in direct discussions about possible resolution of this litigation, including in person discussions and numerous telephonic meetings.   Certain information provided by I.C. System was subject to confirmatory discovery by Plaintiff as a condition of this settlement.

1.04.   Based on the investigation and the negotiations described above, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty and cost of further prosecution of this litigation, and the substantial benefits to be received by class members pursuant to this Agreement, that a settlement with I.C. System on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Settlement Class Members.

1.05.   Plaintiffs' Motion for Preliminary Approval will include a request for leave from the Court to file a Second Amended Complaint in the Action to allege a new class definition that will mirror the definition set forth in Section 2.08 below.

1.06.   The parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims.   This Agreement is inadmissible as evidence against any party except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any party to this Agreement.   It is the Parties' desire and intention to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

1.07.   The settlement contemplated by this Agreement is subject to preliminary and final approval by the court, as set forth herein.   This Agreement is intended by the parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## DEFINITIONS

2.01.   "Action" means the civil action identified in section 1.01, above.

2

2.02    "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release.

2.03.    "Approved Claims" means claims that have been timely submitted by class members to the administrator and approved for payment.

2.04.    "CAFA Notice" means the notice required by 28 U.S.C. Section 1715(b).

2.05.    "Claims Deadline" means ninety (90) days from the Settlement Notice Date.

2.06.    "Claim Period" means the 75-day period that begins on the date on which the Publication Notice is published as set forth in Section 9.03.

2.07.    "Claims Administrator" shall mean Dahl Administration, LLC.

2.08.     The "Class" or "Class Members" means the persons in the following Class:

> All persons within the Class Period who were called on a cellular telephone by I.C. System, using an Automatic Telephone Dialing System, with or without a prerecorded or artificial voice message, whose cellular telephone number was associated with a cellular telephone number in I.C. System's business records coded as a wrong number telephone call, regardless if there was a call before or after the wrong number code was entered in I.C. System's business records.

2.09.    The "Class List" means the list of Class Members prepared by I.C. System and provided as part of the settlement process to the Claims Administrator and Class Counsel. The list consists of 1,033,571 wireless telephone numbers called using a telephone dialing system where the person called was identified as a wrong number call recipient in I.C. System's records. Within the Class List, IC System has identified 66,619 telephone numbers where the recipient received at least one additional call after being coded as a wrong number. "Coded Calls." Within this Coded Calls group are also Consumers that are willing to check the box on the claim form affirming that they revoked permission for I.C. System to call them, yet they received at least one more additional call.

2.10.    "Class Counsel" means Joshua B. Swigart and David McGlothlin of Hyde & Swigart, Sergei Lemberg and Stephen Taylor of Lemberg Law and Abbas Kazerounian and Matthew Loker of the Kazerouni Law Group, P.C.

2.11.    "Class Period" means December 14, 2008 to the date of the Final Approval Order.

3

2.12.   "Class Representative" means Michael Reid.

2.13.   "Account" shall mean any account created with, or serviced by, I.C. System involving a consumer debt primarily for personal, family, or household purposes.

2.14.   "Court" shall mean the United States District Court for the District of Arizona, and the U.S. District Judge to which the Action is assigned.

2.15.   "Effective Date" means the date when the Judgment has become final as provided in Section 14.01.

2.16.   "Final Approval Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Agreement as fair, reasonable and adequate, sometimes referred to herein as the "Fairness Hearing".

2.17.   "Final Approval Order" means the Court's Order entered in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit 3.

2.18.   "Final Distribution Date" means the date set forth in Section 8.06 (f).

2.19.   "Funding Date" means the date, which is no later than sixty (60) business days after the Effective Date, on which I.C. System shall cause a payment to be made into the Settlement Fund Account pursuant to Section 8.04.

2.20.   "Settlement Payment" means an all-inclusive payment of Three Million Three Hundred Fifty Thousand Dollars ($3,350,000) which shall be made by I.C. System to resolve this litigation. As set forth in this Agreement, the "Settlement Payment" shall be used for Settlement Costs, including administration expenses, taxes and tax-related expenses incurred by or in connection with the creation of the Settlement Fund, any incentive awards ordered by the Court to be paid to the Class Representatives, any attorneys' fees, costs or expenses ordered by the Court to be paid to Class Counsel, and all amounts to be paid to Settlement Class Members under this Agreement.  Under no circumstances shall I.C. System be required to pay any amount in excess of the $3,350,000 Settlement Payment in order to resolve the Action.

2.21.   "Notice" means the notices to be provided to Class Members as set forth in Section 9,

2.22.   "Notice Database" means the database containing Class Members' information to be provided by I.C. System pursuant to Section 8.02.

4

2.23.   "Objection Deadline" means ten (10) days after the end of the Claims Period.

2.24.   "Opt-Out Deadline" means ten (10) days after the end of the Claims Period.

2.25.   "Preliminary Approval Order" means the Court's Order entered in connection with the Preliminary Approval Hearing, substantially in the form attached as Exhibit 2 to Plaintiff's Preliminary Approval Motion.

2.26.   "Q&A Form" means the long-form Question & Answer Form Notice containing questions and answers relating to the terms of the settlement, which will be made available on the Settlement Website as described in Section 9.06, the form of which is attached hereto as Exhibit D.

2.27   "Qualified Class Member" means a Settlement Class Member who submits a claim for monetary relief, which is approved pursuant to Section 10.03.

2.28.   "Released Claims" means those claims released in Section 16.

2.29.   "Released Parties" means I.C. System, and each of its respective past, present and future parents, subsidiaries, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, legal representatives. "Released Parties" also includes I.C. System's clients.

2.30.   The "Settlement Class" or "Settlement Class Members" means those persons who are members of the Class definition in Section 2.08 above, and who do not timely and validly request exclusion from the Settlement Class.

2.31.   "Settlement Costs" means all costs incurred in the litigation by the Class and their attorneys, including but not limited to Plaintiff's attorneys' fees, their costs of suit, Plaintiff's expert or consultant fees, any incentive payments paid to Plaintiff, notice costs, costs of claims administration and all other costs of administering the settlement.

2.32.   "Settlement Fund" shall mean the funds to be paid by I.C. System pursuant to Sections 5.01 below.

5

2.33.   "Settlement Notice" means the notice of settlement on the form attached hereto as Exhibit 1, or as otherwise approved by this Court.

2.34.   "Settlement Notice Date" shall mean the date the Settlement Notices are required by the Court to be mailed to all Settlement Class Members.

2.35.   "Settlement Website" means the Internet website operated by the Claims Administrator as described in Section 9.06

2.36.   "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and any regulations or rulings promulgated under it.

**BOTH SIDES RECOMMEND APPROVAL OF THE SETTLEMENT**

3.01.   <u>I.C. System's Position on the Conditional Certification of Settlement Class</u>.  I.C. System disputes that a class would be manageable or that common issues predominate over individual ones, and denies that a litigation class properly could be certified on the claims asserted in the Action.  However, solely for purposes of avoiding the expense and inconvenience of further litigation, I.C. System does not oppose and hereby agrees to certification of the Class defined in Section 2.08, for *settlement purposes only*, pursuant to Fed. R. Civ. P. 23(b)(3). Preliminary certification of the Class for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate, nor would I.C. System be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved.  If the Settlement is not finally approved by the Court, or if I.C. System terminates the Agreement pursuant to Section 17.0, et seq., for any reason whatsoever, the certification of the Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving I.C. System.  No agreements made by or entered into by I.C. System in connection with the Settlement may be used by Plaintiff, any person in the Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action, or any other judicial proceeding.

3.02.   <u>Plaintiff's Belief in the Merits of Case</u>.  Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports those claims.  This Settlement shall in no event be construed or deemed to be evidence of or an admission or

6

concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff, or that there is any merit whatsoever to any of the contentions and defenses that I.C. System has asserted.

3.03.   Plaintiff Recognizes the Benefits of Settlement. Plaintiff recognizes and acknowledges, however, the expense and amount of time which would be required to continue to pursue the Action against I.C. System, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Class.  Plaintiff has concluded that it is desirable that the Action and any Released Claims be fully and finally settled and released as set forth in this Settlement.  Plaintiff and Class Counsel believe that the agreement set forth in this Settlement confers substantial benefits upon the Class and is in the best interests of individual Class Members.

## CLASS COUNSEL AND CLASS REPRESENTATIVES

4.01.   Class Representative and Class Counsel Appointment.  For settlement purposes, and subject to Court approval, Michael Reid is appointed as the Class Representative for the Class. The law firms are appointed Class Counsel for the Settlement Class as follows:  Hyde & Swigart, Lemberg Law, and The Kazerouni Law Group, APC.

## SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS

5.01. Total Payment.  I.C. System Inc. shall pay $3,350,000.00 to settle the Action and obtain a release of all Released Claims in favor of all Released Parties as set forth herein.  The Settlement Payment will be used to pay Approved Claims and any Settlement Costs.  Settlement Class Members will be eligible for a cash payment, the amount of which is dependent upon the number of Approved Claims.

5.02.   Amount Paid per Claim. The amount paid per Approved Claim shall be divided among the approved claimants on the following basis:

Class Members who make a valid claim will receive a pro rata share of the settlement fund. Consumers within Coded Calls and the Consumers that are willing to check the box on the claim form affirming that they revoked permission for I.C. System to call them, yet

7

they received at least one more additional call, will also receive additional compensation, in the form of a double pro rata share.

   5.03.          <u>Qualifying for Payment</u>. Settlement Class members shall be entitled to submit a claim for a monetary payment if their phone number is on the Notice Database or Class List as a person whose cell phone was called by I.C. System by an alleged Automatic Telephone Dialing System or autodialer and / or a prerecorded or artificial voice message during the Class Period. Any person identified as belonging in the 66,619 Coded Calls will automatically be entitled to the double pro rata share. All consumers not within the identified Coded Calls list that affirm that they revoked permission for I.C. System to call them, yet they received at least one more additional call, will also receive additional compensation, in the form of a double pro rata share.

**ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVES**

   6.01.      <u>Attorneys' Fees and Costs</u>.  Class Counsel shall move the Court for an award of attorneys' fees and expenses to be paid from the Settlement Fund.  I.C. System will not object to a request of attorneys' fees in an amount not to exceed $725,000, nor a request for an additional award for the costs incurred in litigating the Action, such costs not to exceed $100,000.00.  The amount of attorneys' fees and costs approved by the Court shall be paid from the Settlement Fund and not in addition thereto.  Within five (5) days of the Funding Date and after receipt of the payees' completed W-9 forms, the Claims Administrator shall pay to Class Counsel the amount of attorneys' fees, costs, and expenses awarded to Class Counsel by the Court, as directed by written instructions from Class Counsel.

   6.02.      <u>Payment to Class Representative</u>.  Plaintiff/Class Representative will also ask the Court to award him an incentive payment for the time and effort he has personally invested in this Action.  I.C. System shall not object to such incentive payment request, provided it does not exceed $5,000.00, subject to Court approval.   The incentive award shall be paid from the Settlement Fund and not in addition thereto. Within five (5) days of the Funding Date and after receipt of payees' completed W-9 forms, the Claims Administrator shall pay to Plaintiff's counsel the incentive payment awarded by the Court, and Plaintiff's counsel shall disburse such funds.

8

6.03    Settlement Independent of Award of Fees, Costs and Incentive Payments.    The payments of attorneys' fees, costs and incentive payments set forth in Sections 6.01 and 6.02 are subject to and dependent upon the Court's approval as fair, reasonable, adequate and in the best interests of Settlement Class Members.    However, this Settlement is not dependent upon the Court's approving Plaintiff's requests for such payments or awarding the particular amounts sought by Plaintiff.    In the event the Court declines Plaintiff's requests or awards less than the amounts sought, this Settlement shall continue to be effective and enforceable by the Parties.

## PRELIMINARY APPROVAL

7.01.    Order of Preliminary Approval.    On or before, August 29, 2016, pursuant to the Court's Order, Plaintiff shall move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit 2.    Pursuant to the Parties' agreement during the Mediation process, a full copy of the Motion and all exhibits thereto will be provided to I.C. System's Counsel ten business days before it is filed with the Court.

Pursuant to the motion for preliminary approval, the Plaintiff will request that:

A.    the Court conditionally certify the Class for settlement purposes only and appoint Class Counsel as counsel for the Class for settlement purposes only;

B.    the Court preliminarily approve the settlement and this Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval;

C.    the Court approve the form of Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

D.    the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and,

E.    the Court set the Claims Deadline, the Objection Deadline and the Opt-Out Deadline.

## ADMINISTRATION AND NOTIFICATION PROCESS

8.01.    Third-Party Claims Administrator.        The    Claims    Administrator,    Dahl

Administration, LLC shall be responsible for all matters relating to the administration of this settlement, as set forth herein.  Those responsibilities include, but are not limited to, giving notice, setting up and maintaining the settlement website and toll-free telephone number, fielding inquiries about the settlement, processing claims, acting as a liaison between Class Members and the Parties regarding claims information, approving claims, rejecting any claim form where there is evidence of fraud, directing the mailing of settlement payments to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing.  The Claims Administrator will provide monthly updates on the claims status to counsel for all Parties.

8.02    Notice Database.  To facilitate the notice and claims administration process, I.C. System will provide to the Claims Administrator, in an electronically searchable and readable format, a Notice Database which includes the cellular telephone numbers called for all potential Class Members, as such information is contained in the reasonably available computerized account records I.C. System maintains for Accounts it services.  I.C. System will provide the Notice Database to the Claims Administrator and to Class Counsel no later than fifteen (15) business days after the date of the Preliminary Approval Order.  I.C. System, Inc. represents for settlement purposes that the estimated size of the class is as follows: approximately 1,033,571 cellular telephone numbers were dialed during the class period with an indication that the wrong number was called.  If any of the terms of this Settlement relating to the Claims Administrator's services would unreasonably hinder or delay such processes or make them more costly, the Claims Administrator shall so advise the Parties, and the Parties will accommodate the Claims Administrator to the extent necessary to carry out the intent of this Settlement Agreement.  Any personal information relating to Class Members provided to the Claims Administrator pursuant to this Settlement shall be provided solely for the purpose of providing notice to Class Members and allowing them to recover under this Settlement; shall be kept in strict confidence; shall not be disclosed to Class Counsel; and, shall not be used for any other purpose.

8.03.    Payment of Notice and Claims Administration Costs.  Within twenty-five (25) business days after the entry of the Preliminary Approval Order, I.C. System shall pay the sum of $100,000 into an escrow-account designated by Class Counsel for the reasonable costs of notice and settlement administration which are incurred by the Claims Administrator, provided that I.C.

System is given appropriate funding instructions, including a completed Form W-9, at least twenty-five (25) business days before that funding deadline.  I.C. System will be given credit for that payment in funding the Settlement Fund and such sums shall be part of, and not in addition to, I.C. System's $3,350,000 Settlement Payment.  The Claims Administrator shall provide the Parties an itemized estimate of the amount of costs required to notice establish the settlement website and establish a toll-free telephone number, as well as any other initial administration costs to the Parties.  Further, the Claims Administrator shall maintain detailed records of the amounts spent on the administration of the settlement and shall provide those to the Parties monthly.  In the event the Settlement is terminated or does not become effective or final for any reason, the Claims Administrator shall provide an Accounting to I.C. System for services it has rendered, and any funds advanced by I.C. System for costs incurred by the Claims Administrator that have not been actually expended by the Claims Administrator as of the date the settlement is terminated or fails shall be repaid to I.C. System within ten (10) business days of such event.

8.04.   Payment for Approved Claims and Remaining Settlement Costs.   Within sixty (60) business days after the Effective Date (the "Funding Date"), I.C. System shall provide funds to the Claims Administrator in an amount equal to the difference between what has been paid to that date and the full amount of the Settlement Payment, subject to the terms of this Agreement, provided that I.C. System has been provided with appropriate funding instructions, including a completed Form W-9 from the Claims Administrator or designated payee at least fifteen (15) business days prior to that funding date.  The Settlement Fund shall be maintained in an interest bearing account.

8.05   Distribution of the Settlement Fund.   The Claims Administrator shall distribute the funds in the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

> (a)   first, no later than five (5) business days after the Funding Date, the Claims Administrator shall pay taxes and tax-related expenses, if any, or, at the Claims Administrator's discretion, it shall reserve an amount of the Settlement Fund sufficient to pay taxes and tax-related expenses as described in Section 20;

11

(b)     next, no later than five (5) business Days after the Funding Date, the Claims Administrator shall pay to the Class Representative any incentive award ordered by the Court, as described in Section 6.02.;

(c)     next, no later than five (5) Business Days after the Funding Date, the Claims Administrator shall pay to Class Counsel any award of attorneys' fees, costs, or expenses ordered by the Court, as described in Section 6.01.;

(d)     next, no later than twenty (20) days after the Funding Date, the Claims Administrator shall be paid for any unreimbursed costs of administration;

(e)     next, no later than thirty (30) days after the Funding Date, the Claims Administrator shall pay the Settlement Awards to Qualified Class Members pursuant to Section 10;

(f)     finally, on the Final Distribution Date, which is the earlier of (i) the date as of which all the checks for Settlement Awards have been cashed or (ii) 210 days after the date on which the last check for a Settlement Award was issued, the Claims Administrator shall pay any amount remaining in the Settlement Fund Account from uncashed settlement checks to one or more *cy pres* recipients which are agreed upon by the Parties and approved by the Court.

## NOTICES

9.01.    Digital Publication Notice.   No later than thirty (30) days after entry of the Preliminary Approval Order, or as soon as practicable thereafter, the Claims Administrator shall cause Digital Notice Banner Advertisements, substantially in the form attached hereto as Exhibit 3 to the Declaration of Jeffrey D. Dahl, to be published on a custom-selected list of websites on a nationwide basis as described in the Declaration of Jeffrey D. Dahl.

9.02.    Question and Answer Form Notice.  The Claims Administrator shall also post on

the Settlement website a Question and Answer Notice ("Q & A Notice") which shall set forth in a question and answer format the details of the settlement, and the rights of Class Members to participate in the Settlement, exclude themselves or object to the settlement.

9.03.   Press Release.   After preliminary approval, Plaintiff will issue a neutrally worded press release, the contents of which have been agreed to in advance by all Parties.   The purpose of the press release is to facilitate Class Members learning about the settlement through internet searches, and to provide instructions on how they may obtain additional information about the settlement.   The press release will announce that the Action has been settled, and will include the URL for the dedicated settlement website through which Class Members can obtain relevant information.

9.04. Website Notice.   By the Settlement Notice Date, the Claims Administrator shall maintain and administer a dedicated settlement website (www.ReidICSystemTCPASettlement.com) containing class information and related documents, along with information necessary to file a claim, and an electronic version of the Claim Form members can download, complete and submit electronically.   At a minimum, such documents shall include the Settlement Agreement and Exhibits, the Notice, the Q & A Form Notice, the Preliminary Approval Order, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, the operative complaint, and when filed, the Final Approval Order.

9.05.   Toll-Free Telephone Number.   By the Settlement Notice date, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the settlement.   That telephone number shall be maintained until thirty (30) days after the Claims Deadline.   After that time, and for a period of 90 days thereafter, either a person or a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and the details regarding the settlement may be reviewed on the related settlement website.

9.06.   CAFA Notice.   The Claims Administrator shall be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within 10 days of the filing of the Preliminary Approval Motion

## CLAIMS PROCESS

10.01.  <u>Potential Claimants</u>.  Each Class Member who does not timely and validly request exclusion from the Settlement as required in this Agreement shall be a Settlement Class Member and entitled to make a claim.  Each Settlement Class Member shall be entitled to make only one claim, except those Settlement Class Members who already have settlement agreements with I.C. System and/or any of its clients, regardless of the number of accounts that Settlement Class Member had or has with I.C. System, or the number of calls made to that Settlement Class Member's cell phone number(s).

10.02.  <u>How to Make a Claim</u>.  In order to make a claim, a Settlement Class Member must either:  (a) submit a claim by calling the toll-free number; (b) submit a claim online at the Settlement website; or (c) submit the completed Claim Form downloaded from the Settlement website to the Claims Administrator, by mail or otherwise.  All claims must be submitted by the Claims Deadline as set forth in the Settlement Notice.  Any Claim Form postmarked after the Claims Deadline shall be deemed untimely and an invalid claim.

10.03.  <u>How a Claim is Approved</u>.  The claims process shall require only that the Settlement Class Member provide his or her name, the cellular telephone number called by I.C. System, the month and year in which the call was made, a Claim Identification number assigned to each postcard notice, if available, and, if the notice address is incorrect, a current address to which the cash payment may be sent.  If the claimant's telephone number provided matches the telephone number on the Notice Database or Class List generated from I.C. System's records, that claim will be approved, subject to the limitation that only one claim will be paid to each Settlement Class Member. If a Settlement Class Member submits a claim and qualifies for a monetary payment, he or she is a "Qualified Class Member."

## CLAIM REVIEW PROCESS

11.01.  <u>Review of Approved or Denied Claims</u>.  Each Settlement Class member who does not exclude himself or herself from the Settlement Class and who makes a timely claim shall have their claim reviewed by the Claims Administrator.  The Claims Administrator shall review the claims and advise the Parties, at a minimum, on a weekly basis of the claims that are approved and denied.  Class Counsel shall be entitled to contest the denial of any claims, first

14

through meeting with the Claims Administrator with Defense counsel being present, and if they are unable to resolve such issues, they may seek assistance of the Court to resolve the issues at the earliest possible date, and to attempt to have a resolution before any Final Approval Hearing. However, if those issues are unresolved at the time of the Final Approval Hearing, that will not prevent the fairness hearing from going forward, with the issues to be resolved at a later date but within sixty (60) days of the entry of any order regarding the fairness hearing, including any order for final approval of the settlement.

Likewise, Defense Counsel shall be entitled to contest the approval of any claims Defendant disputes as a Valid Claim, first through meeting with the Claims Administrator with Plaintiff's counsel being present, and if they are unable to resolve such issues, they may seek assistance of the Court to resolve the issues at the earliest possible date, and to attempt to have a resolution before any Final Approval Hearing. However, if those issues are unresolved at the time of the Final Approval Hearing, that will not prevent the fairness hearing from going forward, with the issues to be resolved at a later date but within sixty (60) days of the entry of any order regarding the fairness hearing, including any order for final approval of the settlement.

11.02.  Mailing of Settlement Check.  Settlement checks shall be sent to Qualified Class Members by the Claims Administrator via U.S. mail no later than ninety (90) days after the Effective Date.  If any settlement checks are returned, the Claims Administrator shall attempt to obtain a new mailing address for that Settlement Class Member by taking the steps described in Sections 9.01.  If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Claims Administrator to resend the check.   The Claims Administrator shall advise Class Counsel and counsel for I.C. System of the names of the claimants whose checks are returned by the postal service as soon as practicable.   Each settlement check will be negotiable for one hundred eighty (180) days after it is issued.  Any funds not paid out as the result of uncashed settlement checks shall be paid out as a *cy pres* award, to a recipient agreed to by the Parties and approved by the Court, as set forth in Section 8.05(f).

## OPT-OUTS AND OBJECTIONS

12.01.  Opting Out of the Settlement.   Any Class Members who wish to exclude themselves from the Settlement Class ("opt out") must advise the Claims Administrator in writing of that intent, and their opt out request must be submitted online or postmarked no later than the Opt-Out Deadline.  The Claims Administrator shall provide the Parties with copies of all opt-out requests it receives, and shall provide a list of all Class Member who timely and validly opted out of the settlement in their declaration filed with the Court, as required by Section 13.01.  Settlement Class Members who do not properly and timely submit an opt-out request will be bound by this Agreement and the judgment, including the releases in Section 16 below.  If more than 100 Class Members opt-out, I.C. System has the option of voiding this Settlement and proceeding with the litigation, as provided in Sections 17.02 and 17.03 below.

A.      In the written request for exclusion, the Class Member must state his or her full name, address, and telephone number.  Further, the Class Member must include a statement in the written request for exclusion that he or she wishes to be excluded from the settlement.

B.      Any Class Member who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement.

12.02.  Objections.  Any Settlement Class Member who intends to object to the fairness of this settlement must file a written objection with the Court and provide a copy to Class Counsel and counsel for I.C. System by the Objection Deadline.

A.      In the written objection, the Settlement Class Member must (a) state his or her full name, address, and telephone number, (b) the reasons for his or her objection, (c) whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel, (d) set forth all arguments, citations and evidence supporting the Objection, and (e) disclose every prior objection to a class action settlement ever made by Class Member or Class Member's attorney including the case name, case number, and disposition of the prior objection(s).  Any documents supporting the objection must also be attached to the Objection.

B.      Any Settlement Class Member who objects may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the

Settlement.  A Settlement Class Member or his or her attorney intending to make an appearance at the Fairness Hearing must:  (a) file a notice of appearance with the Court no later than ten (10) days prior to the Fairness Hearing, or as the Court may otherwise direct; and (b) serve a copy of such notice of appearance on all counsel for all Parties.  Any Settlement Class Member who fails to comply with the provisions of this Section 12.02 shall waive and forfeit any and all rights to appear separately and/or to object, and shall be bound by all the terms of this Settlement, and by all proceedings, orders, and judgments in the litigation.

## FINAL APPROVAL AND JUDGMENT ORDER

13.01.  No later than fourteen (14) calendar days prior to the Final Approval Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

13.02.  If the Settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, no later than fourteen (14) calendar days prior to Final Approval Hearing:

      A.    The Parties shall both request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit F, with Class Counsel filing a memorandum of points and authorities in support of the motion; and,

      B.    Counsel for the Class and/or I.C. System may file a memorandum addressing any objections submitted to the Settlement.

13.03.  At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement should be overruled, whether the fee award and incentive payments to the Class Representatives should be approved, and whether a judgment finally approving the Settlement should be entered.

13.04.  This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of this Agreement and:

17

        A.      finds that the Notice provided satisfies the requirements of due process and Fed. R. Civ. P. 23(e)(1);

        B.      finds that Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

        C.      finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, including the releases in 16.01, and the covenant not to sue in Section 16.02, and that this Settlement Agreement should be and is approved;

        D.      dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted against I.C. System in the Action;

        E.      permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against I.C. System or the Released Parties; and,

        F.      retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## FINAL JUDGMENT

        14.01    The Judgment entered at the Final Approval Hearing shall be deemed final:

        A. Thirty (30) days after entry of the Final Judgment approving the Settlement if no document is filed within that time seeking appeal, review or rehearing of the judgment; or

        B. If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section 13.04.

## CONFIRMATORY DISCOVERY

        15.01. Class Counsel has completed discovery to confirm the accuracy of the information provided to them during the course of the litigation and the Parties' settlement negotiations.  The purpose of that discovery was to confirm the total number of Class Members,

*i.e.*, those persons who were actually called by I.C. System on cellular telephone numbers during the Class, and how I.C. System came about such numbers.

## RELEASE OF CLAIMS

16.01.  <u>Released Claims</u>.  Plaintiff and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors and agents, hereby release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below).  The Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims.  The release does not apply to Class Members who timely opt-out of the Settlement.

    A.  "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to the Released Parties' actual or alleged use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members in connection with a consumer debt to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case law, including, but not limited to, claims under or for a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and any other statutory or common law claim arising from the use of any actual or alleged automatic telephone dialing systems and/or an artificial or prerecorded voice to call cellular telephones, or pagers.

19

B.    <u>Waiver of Unknown Claims</u>.  Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective.  This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules or regulations relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

16.02.  <u>Covenant Not To Sue</u>.  Plaintiff agrees and covenants, and each Settlement Class member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

## TERMINATION OF AGREEMENT

17.01.  <u>Either Side May Terminate the Agreement</u>.  Plaintiff and I.C. System shall each have the right to unilaterally terminate this Agreement by providing written notice of his, their or its election to do so ("Termination Notice") to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

a.      the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

b.      an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

c.      any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that Plaintiffs or I.C. System reasonably consider material, unless such modification or amendment is accepted in writing by all Parties;

d.      the Effective Date does not occur; or

e.      any other ground for termination provided for elsewhere in this Agreement occurs.

17.02.  Termination if Large Number of Opt–Outs.   If, at the conclusion of Opt-Out Deadline, more than 100 Settlement Class Members have indicated an intent to opt-out of the Settlement (whether or not the communication is in compliance with Section 12.01 or not), I.C. System shall have, in its sole and absolute discretion, the option to terminate this Agreement within ten (10) calendar days after the Opt-Out Deadline.

17.03.  Termination if Variance in Class List: At the option of the Plaintiff if the number of persons in the Class List exceeds a 12.5% variance from the number identified in section 2.09.

17.04.  Revert to Status Quo. If either Plaintiff or I.C. System terminates this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated.  Within ten (10) calendar days of the Termination of this Agreement by either Party, the Claims Administrator shall provide an Accounting to I.C. System for services rendered to the date of termination shall not be refunded to I.C. System. Any funds advanced by I.C. System to the Claims Administrator that have not been actually expended by the Claims Administrator as of the date the settlement is terminated shall be repaid to I.C. System within ten (10) business days of such event.

## NO ADMISSION OF LIABILITY

18.01.  I.C. System denies any liability or wrongdoing of any kind associated with the alleged claims in the operative complaints.  I.C. System denies each and every material factual allegation and all claims asserted against them in the Action.  Nothing herein shall constitute an admission by I.C. System of wrongdoing or liability, or of the truth of any allegations in the Action.  Nothing herein shall constitute an admission by I.C. System that the Action are properly brought on a class or representative basis, or that classes may be certified in the Action, other than for settlement purposes.   To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement:  (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of I.C. System or of the truth of any of the allegations in the Action ; (ii) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of I.C. System in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

18.02.  Pursuant to Federal Rules of Evidence Rule 408 and California Evidence Code Sections 1119 and 1152, and any similar provisions under the laws of other states, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Agreement.

## TAXES

19.01.   Qualified Settlement Fund. Plaintiff submits that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B 1.  The Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of Section 13, including, if necessary, the "relation back election" (as defined in Treas. Reg. §1.468B 1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under §1.468B

of the Internal Revenue Code of 1986, as amended (the "Code").  It shall be the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

19.02.   Claims Administrator is "Administrator". For the purpose of §1.468B of the Code and the Treasury regulations thereunder, the Claims Administrator shall be designated as the "administrator" of the Settlement Fund.  The Claims Administrator shall cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B 2(k)). Such returns shall reflect that all Taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

19.03.   Taxes Paid by Administrator. All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon I.C. System or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes shall be paid by the Claims Administrator from the Settlement Fund.

19.04.   Expenses Paid from Fund. Any expenses reasonably incurred by the Claims Administrator in carrying out the duties described in Section 20, including fees of tax attorneys and/or accountants, shall be paid by the Claims Administrator from the Settlement Fund.

19.05.   Responsibility for Taxes on Distribution. Any person or entity that receives a distribution from the Settlement Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.  Such taxes and tax-related expenses shall not be paid from the Settlement Fund.

19.06. I.C. System Is Not Responsible. In no event shall I.C. System or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Class Members, Class Counsel or any other person or entity, and the Settlement Fund shall indemnify and hold I.C. System and the other Released Parties harmless for all such taxes and tax-related expenses

(including, without limitation, taxes and tax-related expenses payable by reason of any such indemnification).

## **MISCELLANEOUS**

20.01.  <u>Entire Agreement</u>.  This Agreement and the exhibits hereto constitute the entire agreement between the Parties.  No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

20.02.  <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of Arizona.

20.03.  <u>Non-Waiver of Debts/Obligations Owing By Class Members</u>.   The Parties understand and agree that this Settlement Agreement and any terms herein shall not affect in any regard any debt or obligation owed by any Plaintiff or Settlement Class Member to I.C. System and/or its clients, principals and its related or affiliated entities.  This Settlement Agreement does not operate to waive, extinguish, terminate, reduce or affect any debt or obligation owed by Plaintiff or Class Members, and shall not impair or limit any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to I.C. System and its clients, principals and their related or affiliated entities.

20.03.  <u>Jurisdiction</u>.  The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class members, for purposes of the administration and enforcement of this Agreement.

20.04.  <u>No Construction against Drafter</u>.  This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

20.05.  <u>Resolution of Disputes</u>.   The Parties shall cooperate in good faith in the administration of this Settlement.  Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or by a mediator upon agreement of the Parties.

20.06.  <u>Counterparts</u>.  This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

20.07.  <u>Time Periods</u>.  The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

20.08.  <u>Authority</u>.  Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

20.09.  <u>No Oral Modifications</u>.  This Agreement may not be amended, modified, altered or otherwise changed in any manner, except by a writing signed by a duly authorized agent of I.C. System and Plaintiffs, and approved by the Court.

20.10.  <u>Press Releases</u>.  The Parties and their counsel agree they will not issue any press releases concerning this Settlement Agreement. As provided in Section 9.05, if a press release were to issue on agreement of the parties, any such press release would issue at or after the time of preliminary approval of this settlement.

20.11.  <u>Notices</u>.  Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax or hand delivery, postage prepaid, as follows:

<u>If to Class Counsel</u>:

Joshua B. Swigart, Esq.
josh@westcoastlitigation.com
David J. McGlothlin
david@westcoastlitigation.com
Hyde & Swigart
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone:  (602) 265-3332

Sergei Lemberg
slemberg@lemberglaw.com
Stephen Taylor
staylor@lemberlaw.com
Lemberg Law LLC

1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: 203.653.2250

Abbas Kazerounian, Esq.
ak@kazlg.com
Matthew Loker
ml@kazlg.com
The Kazerouni Law Group, APC
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone:  (800) 400-6808

If to counsel for I.C. System:

Sean P. Flynn, Esq.
sflynn@gordonrees.com
Gordon & Rees LLP
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003
602-794-2460

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have
caused this Agreement to be executed as follows:

26

Defendant I.C. System Inc.

By: _____
    Its Authorized Representative

[Name] _____

_____
Michael Reid, Plaintiff and Class
Representative

APPROVED AS TO FORM:

APPROVED AS TO FORM:

/s/ Sean P. Flynn, Esq.*

_____
Stephen Taylor
Lemberg Law LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone:      (619) 299-2091

Sean P. Flynn
Gordon & Rees LLP
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003
602-794-2460

Attorneys for Defendant I.C. System Inc.

*with permission via e-mail
sent on
August 29, 2016 at 5:25 p.m.

_____
David J. McGlothlin, Esq.
Hyde & Swigart
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone:    (602) 265-3332

_____
Abbas Kazerounian, Esq.
The Kazerouni Law Group, APC
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808

Class Counsel

Attorneys for Plaintiff Michael Reid

1096956/28542696v.4